■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON RIVERA, Appellant. [823 NYS2d 147]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered February 23, 2004, convicting defendant, upon his plea of guilty, of rape in the first degree (two counts), sodomy in the first degree (two counts), attempted rape in the first degree and robbery in the first degree, and sentencing him to an aggregate term of 40 years, unanimously affirmed.

The court properly denied defendant's motion to withdraw his guilty plea. Defense counsel, who negotiated a plea that was as lenient as possible given the large number of victims, rendered effective assistance in connection with the plea (see People v Ford, 86 NY2d 397, 404 [1995]), and continued to do so

at sentencing. The court properly exercised its discretion in declining to adjourn the sentence so that defendant could retain new counsel, since no purpose would be served by such a substitution, given the patently meritless nature of defendant's plea withdrawal application. The record establishes that the court rejected defendant's claim on the basis of its own recollection of the plea, rather than any comments by defense counsel; indeed, counsel's statements were made after the motion had been decided (*see e.g. People v Johnson*, 279 AD2d 330 [2001], *lv denied* 96 NY2d 801 [2001]; *People v Nawabi*, 265 AD2d 156 [1999], *lv denied* 94 NY2d 865 [1999]). Accordingly, there was no violation of defendant's right to conflict-free representation (*see Hines v Miller*, 318 F3d 157, 162-164 [2d Cir 2003], *cert denied* 538 US 1040 [2003]). Concur—Buckley, P.J., Tom, Mazzarelli, Saxe and McGuire, JJ.